IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANGELA CAMPBELL,

                Plaintiff,

  v.

GOVERNOR TONY EVERS, ASSOCIATED BANK,        OPINION and ORDER
N.A., AARON J. FOLEY, SCOTT AUSTIN,
JOHN MILLER, MICHAEL GREIBER,                    24-cv-374-jdp
and JEFFREY MARK MEYER,

                Defendants.

---

Plaintiff Angela Campbell, proceeding without counsel, has filed a lawsuit about the proceeds to multiple bank accounts. Campbell alleges that her mother, Marion Roesler, was the original owner of these payable-on-death accounts, and that Marion named three beneficiaries for the account: Campbell and her two siblings—Kathleen Ketterer and Ricky Roesler. Marion died in 2019, but by then Ketterer had already died. Campbell believes that she is entitled to some of Ketterer's share, but a state court ruled otherwise, concluding that Ketterer's son, defendant Scott Austin, inherited his mother's share pursuant to Wis. Stat. § 705.04(2)(d) and § 854.06(3).

The primary issue that Campbell raises in her complaint is that applying § 704.04(2)(d) and § 854.06(3) violated the Contracts Clause in Article I, § 10 of the U.S. Constitution because Marion Roesler entered an agreement with the bank to be bound by the bank's rules, and those rules state that a beneficiary of the account has no right of survivorship. She seeks a declaration and an injunction requiring the release of funds to her. She is suing the governor as someone who enforces state statutes.

Campbell asserts two other claims. First, she is suing Austin, the bank, and four lawyers (including her former lawyer) for violating her due process rights during the state court proceedings. Second, she is suing the bank, Austin, and Miller for unjust enrichment.

The complaint is before the court for screening to determine whether the court can exercise jurisdiction over the case and whether the complaint states a claim upon which relief may be granted. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). For the reasons stated below, I conclude that Campbell has not stated a claim, so I will dismiss the complaint with prejudice.

ANALYSIS

The general rule is that a federal court may not exercise jurisdiction over a case in which the plaintiff is challenging a state-court judgment in federal court. *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This is called the *Rooker-Feldman* doctrine. *Id.* That doctrine would seem to apply here because Campbell is attempting to invalidate the state court's decision that Ketterer's son inherited Ketterer's share of the accounts.

There is a wrinkle in this case because the state-court's electronic docket shows that the case is on appeal. *Austin v. Roesler*, No. 2019cv293 (Columbia Cty. Circ. Ct.).[1] The *Rooker–Feldman* doctrine does not apply if a state-court appeal is pending when the federal suit is filed. *Parker v. Lyons*, 757 F.3d 701, 705–06 (7th Cir. 2014). In that situation the usual course of

---

[1] Wisconsin Court Circuit Access, https://wcca.wicourts.gov/caseDetail.html?caseNo=2019 CV000293&countyNo=11&index=0. The Wisconsin Court of Appeals already rejected a previous appeal by Campbell in the same case, *Austin v. Roesler*, 2023 WI App 32, 2023 WL 3377340, at *4, but Campbell later filed a second appeal, which is pending. *See Austin v. Roesler*, No. 2023AP1578 (Wis. Ct. App.).

2

action is to stay the federal case until the state-court appeal is resolved. *See Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 403 (7th Cir. 2023). But it is not necessary to wait in this case because none of Campbell's claims state a claim.

As for Campbell's claim under the Contracts Clause, Campbell does not explain how the governor is involved in enforcement of the challenged statutes, but the court will assume that Campbell could amend her complaint to name a proper party. A claim under the Contracts Clause requires the plaintiff to show three things: (1) there is a contractual relationship; (2) a change in law has impaired that relationship; and (3) the impairment is substantial. *Council 31 of the American Federation of State, County and Municipal Employees, AFL-CIO v. Quinn*, 680 F.3d 875, 885 (7th Cir. 2012).

Even if I assume both that Campbell's status as a beneficiary is sufficient to qualify as a contractual relationship and that Wisconsin law substantially impaired that relationship, Campbell's claim fails because the laws she is challenging pre-date the alleged contract at issue. Specifically, Campbell alleges that the agreement is from 2018, Dkt. 1, ¶ 38, but the laws she is challenging were enacted in 1973 and 1997. *See* 1973 Wis. Act. 293 and 1997 Wis. Act. 188. The Contracts Clause only prohibits "taking away entitlements that pre-dated the change" in the law. *Underwood v. City of Chicago, Ill.*, 779 F.3d 461, 463–64 (7th Cir. 2015). So I will dismiss Campbell's claim under the Contracts Clause.

As for Campbell's claim under the Due Process Clause, Campbell's theory appears to be that the other parties and lawyers in the state-court case—including her own lawyer—colluded to prevent Campbell from prevailing. But the Due Process Clause applies only to state actors. *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). The lawyers and litigants Campbell is suing are private citizens, so Campbell cannot state a claim under the Due Process Clause.

Campbell's complaint includes allegations that the state-court judge was part of the alleged conspiracy, but amending the complaint to name the judge would be pointless because the judge cannot be sued for acts taken in his judicial capacity. *See Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Campbell's remedy for erroneous rulings was to file an appeal, which is exactly what Campbell did.

Campbell's allegations against her lawyer could be construed as a claim for malpractice. But adding a malpractice claim would also be futile. Malpractice is a state-law claim, and the court could not exercise jurisdiction over that claim because Campbell alleges that both she and her former lawyer are Wisconsin citizens. *See* 28 U.S.C. § 1332 (diversity of citizenship is required for federal courts to exercise jurisdiction over cases based solely on state law).

This leaves Campbell's claims for "unjust enrichment." These claims are based on a misunderstanding of the law. Campbell says that the bank and Austin have been unjustly enriched because they have refused to pay her the amount she believes she is owed from the accounts. But that is just a rephrasing of her claim that the state court violated the Contracts Clause by refusing to give Ketterer's share of the accounts to Campbell. A claim for unjust enrichment requires the plaintiff to show that *she* provided the defendants with a benefit. *Buckett v. Jante*, 2009 WI App 55, ¶ 9, 316 Wis. 2d 804, 812, 767 N.W.2d 376, 380. The benefits in this case came from Marion Roesler, not Campbell, so Campbell cannot state a claim for unjust enrichment.

The general rule is that plaintiffs should have an opportunity to amend a defective complaint. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). But there is an exception to the general rule when "it is clear that the defect cannot be corrected so that amendment is futile." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786

4

F.3d 510, 520 (7th Cir. 2015). That exception applies here because there are no allegations that Campbell could add to her complaint to fix the problems with her claims. I will dismiss the case with prejudice.

ORDER

IT IS ORDERED that plaintiff Angela Campbell's complaint is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. The clerk of court is directed to enter judgment in favor of defendants and close the case.

Entered June 13, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge